ZEHMER, Judge
(concurring).
The record reflects that the City was undertaking, independently of the contract with Columbia Paving, to move existing utility lines, including the gas line said to prevent the installation of shoring in the trench that caved in and caused Hewett’s injuries. Despite appellants’ reference to the City’s undertaking in this regard, however, appellants have made no claim that the City’s negligence in carrying out that undertaking caused Hewett’s injury. Although the project manager on the job attributed the lack of shoring to the City’s *954 failure to timely remove the gas line, the sole legal theory of liability alleged in the complaint and argued on this appeal has been that the City became legally responsible for Columbia Paving’s negligence because the City and its representative Alvarez, despite the contractual provisions, undertook to exercise control of the work and thereby came under a duty to provide Columbia Paving’s employee Hewett a safe place to work. We are not called on, therefore, to decide whether the City could be found guilty of negligence independently of the contractor’s work and held liable as a joint tortfeasor. Since the record in this case contains contract provisions insulating the City from legal responsibility for the contractor’s negligence, and the undisputed evidence shows that the City never undertook to control the contractor’s work so as to avoid those contract provisions, I concur in affirming the entry of the summary judgment for the appellees.